This is an action to recover damages for slander, the plaintiff alleging that the defendant had charged him with the crime of perjury and with the crime of embezzlement.
The defendant pleaded justification.
The evidence tended to prove that the plaintiff was a rural mail carrier, and that the defendant was a surety on his (504) bond; that Mrs. Eller, who lived on the mail route, deposited 25 cents and four unstamped letters in the mail box; that the plaintiff took the letters and the money on one Tuesday; that he stamped *Page 542 
the letters, and on the following Sunday returned the difference of 17 cents to the husband of Mrs. Eller.
The only dispute as to the facts on the plea of justification is that the evidence of the defendant tended to prove that after the letters were stamped the plaintiff appropriated to his own use the 17 cents, and that he paid the amount to Mr. Eller after repeated demands upon him, while the evidence of the plaintiff tended to prove that after paying for the four stamps he left the 17 cents on a shelf in the postoffice and continued on his mail route, and that within a day or two he got the money and returned it at once.
His Honor, among other things, charged the jury as follows:
"Now, the defendant further contends that plaintiff has sworn that he did actually take the money; that he came along one morning and found four letters in the box, and 25 cents placed in there by Mrs. Eller, and that he took that money and the letters, with some other money and letters, and carried it along to Rugby and laid it on a shelf at the postoffice, and went on to Grant, Va., with his mail, and as he came back he bought stamps and placed them on the letters and put the rest of the change in his pocket, and never did account for it until he was called upon several times, and threats had been made that he had better bring the money back before he brought suit against Arthur Graybeal, and that he took it for his own use, and it was Tuesday when he took the money, and that he kept it until the following Sunday before he returned the money; then, after a message had been sent him by Mr. Eller, he took it and delivered it to Mr. Eller. Defendant contends that the evidence ought to satisfy you that he had taken the money and was guilty of embezzlement. Gentlemen, embezzlement is felonious taking and appropriating to one's own use money belonging to another, but there is no evidence that he did this; that after lawfully receiving it into his possession he unlawfully appropriated it to his own use — that is, deprived the owner of the use of it."
The defendant excepted.
The jury returned the following verdict:
1. Did the defendant speak of and concerning the plaintiff the words in substance alleged in the complaint? Answer: Yes.
2. Did he intend thereby to charge the plaintiff with perjury, or embezzlement? Answer: No, as to charge of perjury; Yes, as to the charge of embezzlement.
3. Were the allegations of the defendant concerning the (505) plaintiff true? Answer: No.
4. What damage, if any, is plaintiff entitled to recover? Answer: $200. *Page 543 
Judgment was entered upon the verdict in favor of the plaintiff, and the defendant appealed.
The charge of his Honor excepted to by the defendant is not an accurate statement of the law as he at first applied the definition of larceny, in which there must be a wrongful taking, to the crime of embezzlement, but this was not prejudicial to the defendant, because he immediately follows it with the instruction that there was no evidence to support the charge, and he then instructed the jury correctly as to the only question in controversy, and that is as to whether the plaintiff did actually appropriate the money to his own use.
It also appears from other parts of the charge that his Honor stated fully the contentions of the plaintiff and the defendant, and directed the minds of the jury to the fact really in controversy, as to whether the plaintiff had appropriated the money to his own use or not.
Upon a review of the whole record, we find no reversible error.
No error.